UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
|
RUSSELL DONNELL LIPSEY,                   |      Case No. 1:08-cv-60
|
Petitioner,                    |      HONORABLE PAUL MALONEY
|
v.                             |
|
TOM BELL,                                  |
|
Respondent.                     |
|
_____

### Opinion and Order
### Overruling the Petitioner's Objection and Adopting the R&R;
### Summarily Dismissing the Habeas Petition

In 2002, a Michigan state court sentenced petitioner Russell Donnell Lipsey ("Lipsey") to 120 to 240 months of imprisonment for an unarmed-robbery conviction. After Lipsey's motions for resentencing in state court were unsuccessful in 2003-2006, he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lipsey contends that his sentence was based on inaccurate information because the trial court mis-scored Offense Variables 1, 2, 13 and 19 of the Michigan Sentencing Guidelines, and that the sentence violated *Blakely* and *Apprendi* because it was based on facts that were not proven beyond a reasonable doubt.

On March 17, 2008, the Honorable Ellen S. Carmody, United States Magistrate, issued a Report and Recommendation ("R&R") recommending that Lipsey's habeas petition be summarily dismissed for failure to raise a meritorious federal claim. On Tuesday, March 25, 2008, Lipsey

-1-

timely filed objections.  The 14 days for the warden to file a response elapsed at midnight on Wednesday, April 9, 2008, *see* W.D. MICH. L.CIV.R. 72.3(b), and he has not done so.  For the reasons that follow, the court will adopt the R&R and summarily dismiss the habeas petition.

As stated by the R&R, the State of Michigan has an indeterminate sentencing system in which the trial judge sets a minimum sentence based on the guideline range, but the statute sets the maximum range.  Therefore, as the R&R concludes, because the trial judge can never exceed the maximum sentence set by the statute, Michigan's indeterminate sentencing system does not infringe on the province of the jury as factfinder and so does not violate *Blakely*'s interpretation of the Sixth Amendment right to a jury trial.  The court notes that the Michigan Supreme Court recently revisited this issue and reaffirmed this conclusion in *People v. Harper*, 739 N.W.2d 523 (Mich. 2007) (Corrigan, J., joined by Taylor, Weaver, Young & Markman, JJ., with Cavanagh, J., concurring in pertinent part) (holding, in addition, that Michigan sentencing system did not violate federal Due Process Clause), *cert. denied sub nom. Burns v. Michigan*, – U.S. –, 128 S.Ct. 1183 (2008), *and sub nom. Harper v. Michigan*, – U.S. –, – S.Ct. –, 2008 WL 482060 (U.S. Feb. 25, 2008) (No. 07-7411).

Because the Michigan trial court sentenced Lipsey within the parameters of Michigan's sentencing system, it did not violate his Sixth Amendment right to a jury trial.  *See Caruthers v. Berghuis*, 2008 WL 336604, *5 (W.D. Mich. Feb. 4, 2008) (Enslen, J.) (collecting cases). Consequently, the first of Lipsey's two habeas claims lacks merit.

Lipsey's second claim is that the trial court violated his federal and state due process rights by relying on inaccurate information in scoring the state sentencing guidelines.  As the R&R notes, claims regarding the improper scoring of state sentencing guidelines are state-law claims and thus are typically not cognizable in federal habeas proceedings.  *See also Tironi v. Birkett*, 252 F. App'x

724, 725 (6th Cir. 2007), *pet. cert. filed o.g.* (U.S. Jan. 24, 2008) (No. 07-9525); *Davis v. Palmer*, 2007 WL 4178945, *18 (W.D. Mich. Nov. 20, 2007) (Bell, C.J.) (citing, *inter alia*, *Hutto*, 454 U.S. at 374-74); *Bellamy v. Curtin*, 2007 WL 527988, *3-4 (W.D. Mich. Feb. 14, 2007) (Quist, J.).

An alleged state-law violation can, in a sufficiently egregious case, amount to a denial of federal due process or equal protection rights, such as when a state court bases a sentence on material misinformation of constitutional magnitude, *Stewart v. Erwin*, 503 F.3d 488, 494 (6th Cir. 2007), but Lipsey's petition did not show how the state sentencing court relied on any materially false information.  Lipsey's objection asserts,

> The sentencing court demonstrated actual reliance on misinformation not proven or verified in OV 1, 2, 13, and 19.  The United States Supreme Court is at this very moment ruling on three similar Michigan cases.  *Burns v. Michigan*, #07-7291; *Harper v. Michigan*, #07-7411; and *McCuller v. Michigan*, #07-8381.
>
> Dismissal of this petition before allowing the Supreme Court to rule would be a travesty of justice.

Lipsey's Objection at 1-2.  Yet Lipsey's objections do not specify what that alleged misinformation might be that led to the objectionable scores on OV numbers 1, 2, 13, and 19.  This court agrees with the Magistrate Judge that Lipsey is effectively challenging only the state sentencing court's *weighing* of the evidence relevant to the offense variable scores.  Therefore, there is no need to defer ruling on Lipsey's meritless petition in order to wait for any pending U.S. Supreme Court decisions.[1]

---

[1]

In any event, the Supreme Court dismissed Petition for Certiorari No. 07-7291 in *Burns v. Michigan*, 128 S.Ct. 1183, on February 7, 2008, and denied Petition for Certiorari No. 07-7411 in *Harper v. Michigan*, 2008 WL 482060, on Feb. 25, 2008.

In the third case cited by Lipsey, *People v. McCuller*, 715 N.W.2d 798 (Mich. 2006) was vacated by the Supreme Court under the name *Michigan v. McCuller*, 127 S.Ct. 1247, on February 20, 2007.  The Supreme Court remanded the case to the Michigan Supreme Court for reconsideration in light of *US v. Cunningham*, 549 U.S. –, 127 S.Ct. 856 (2007) (Ginsburg, J., joined by C.J. Roberts & JJ. Stevens, Scalia, Souter, and Thomas) (holding that California's

Consequently, the second of Lipsey's two habeas claims lacks merit.


## ORDER

Petitioner's objections are **OVERRULED.** The Report & Recommendation is **ADOPTED**.

The petition for a writ of habeas corpus is **DISMISSED with prejudice.**

This is a final order, but it is not appealable.

**IT IS SO ORDERED this 22nd day of April 2008.**


                                        /s/ Paul L. Maloney
                                        _____
                                        Honorable Paul L. Maloney
                                        United States District Judge


---

determinate sentencing law, which authorized judge rather than jury to find facts exposing defendant to an upper-term sentence, violated defendant's right to trial by jury).

On remand, the Michigan Supreme Court held that even if Michigan's "intermediate-sanction cells" were characterized as setting maximum sentences for *Blakely* purposes, the sentencing court did not violate *Blakely* by scoring the OVs to set the minimum recommended sentence and by imposing a prison sentence within the guidelines. *See People v. McCuller*, 739 N.W.2d 563, 565-77 (Mich. 2007) (Corrigan, J., joined by Taylor, Weaver, Young & Markman, JJ.), *applied by, e.g., People v. Higgins*, 2008 WL 786524 (Mich. App. Mar. 25, 2008) and *People v. Anderson*, 2008 WL 215216 (Mich. App. Jan. 24, 2008).

Lipsey does not explain how *McCuller* lends validity to his habeas claims.